UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOTE, LLC,

    Plaintiff,

vs.

                                Case No. 3:25-cv-376-MMH-MCR

IROCKER INC., et al.,

    Defendants.

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff Bote, LLC's Time Sensitive Motion and Brief on Discovery Issues (Doc. 78; Motion) filed on Friday, June 6, 2025. In the Motion, Bote requests that the Court: (1) enter its proposed protective order; (2) appoint a forensic special master to handle electronic discovery; and (3) compel iRocker to provide substantive responses to its "Limited Expedited Discovery Requests." Motion at 1. Treating the matter with urgency, the Court ordered Defendants to respond to the Motion by 5:00 p.m. on Tuesday, June 10, 2025. See Endorsed Order (Doc. 79). Defendants timely filed responses in opposition to the Motion. See Defendants iRocker Inc. and iRocker Parent, LLC's Response to Plaintiff's Time Sensitive Motion on Discovery Issues (Doc. 80; iRocker's Response), filed on June 10, 2025; Defendant Aaron John May's Response in Opposition to Bote, LLC's Time

Sensitive Motion and Brief on Discovery Issues (Doc. 81; May's Response), filed on June 10, 2025; Defendant iRockerSUP, LLC's Joinder and Response to Plaintiff's Motion on Discovery Issues (Doc. 82; iRockerSUP's Response), filed on June 10, 2025.[1] Accordingly, this matter is ripe for review.

Bote first requests that the Court enter its proposed protective order. See Motion at 8; Exhibit A (Doc. 78-1; Proposed Protective Order). While Bote and iRocker both consent to the entry of the Proposed Protective Order, May does not. See iRocker's Response at 2; May's Response at 3. Specifically, May objects to the inclusion of the "prosecution bar language," contending that it impermissibly limits his ability to continue "designing and working on products in and around the inflatable recreational products market[.]" May's Response at 4; Proposed Protective Order ¶ 3. Notably, May made Bote aware of his objection to the entry of the Proposed Protective Order, a fact Bote neglected to address in the Motion. As the Motion does not address May's objections, the Court will deny Bote's request without prejudice, and allow Bote to file either a renewed motion for entry of a protective order that is agreed upon by all parties or a renewed motion for entry of a protective order with a memorandum of law

---

[1] The Court notes that iRockerSUP's Response violates Local Rule 3.01(f), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), as it improperly joins, and incorporates by reference, the arguments raised in iRocker's Response. Given the expedited briefing schedule ordered by the Court, in this single instance the Court will not strike the improper filing. However, any future filing that improperly incorporates arguments in other filings will be stricken. Counsel is cautioned to carefully review the Local Rules of this Court.

explaining why the inclusion of its proposed prosecution bar language is appropriate.

Next, Bote requests that the Court appoint a forensic special master to handle electronic discovery in this case. See Motion at 9. Again, Bote and iRocker both consent to the appointment of a special master, but May does not. See iRocker's Response at 2; May's Response at 7. May contends that "given the limited" amount of ESI in his possession it is inappropriate for him to pay "an equal share of the special master's fee[.]" May's Response at 7. In the Motion Bote does not address May's objections, nor was his opposition noted in Bote's "Local Rule 3.01(g) Certifcation." See Motion at 14. Thus, the Court will deny Bote's request without prejudice. Bote may file a renewed motion with a memorandum of law addressing May's arguments including what costs, if any, are to be apportioned to May.

Finally, Bote requests that the Court compel iRocker to provide substantive responses to its "Limited Expedited Discovery Requests" on an expedited basis. See Motion at 11; Plaintiff Bote, LLC's First Requests for Production of Documents to Defendants (Doc. 78-4; Requests for Production). iRocker objects, contending that Bote's requests are "extremely broad" and "disregard the established ESI procedures adopted by the Middle District of Florida." iRocker's Response at 3. Upon consideration of the record and the parties' arguments, Bote's request is due to be denied.

Bote previously moved for expedited discovery in advance of the parties' Rule 26(f) Conference. See Bote, LLC's Motion for Expedited Discovery (Doc. 27), filed April 28, 2025. The Court denied the request because Bote failed, for a number of reasons, to carry its burden of showing such an order was warranted, especially considering the breadth of Bote's discovery requests. See Hearing Transcript at 43, 45 (Doc. 78-3; Transcript) ("The breadth of the requested discovery, I agree with the defendants that as presently formulated, it's broad and it hasn't - - there hasn't been an effort to narrowly tailor it."). In light of this finding, but also willing to allow Bote to seek expedited discovery on the specific matters Bote argued were critical to its ability to pursue timely injunctive relief, the Court ordered the parties to conduct a case management conference by May 16, 2025, and to attempt to "agree on some limited scope of discovery for which there is an expedited response time[.]" Id. at 44.[2] Based on Bote's stated reason for the need for expedited discovery, the Court gave examples of topics on which Bote might seek expedited limited discovery. Id. at 42–43. The Court noted it would be reasonable for Bote to seek expedited discovery of "information specifically about [Bote's] product roadmap and specifically about information related in any way to the matters addressed by the product steering committee." Id. at 42. Additionally, the Court identified

---

[2] The Court then sua sponte extended this deadline giving the parties until May 20, 2025, to complete their case management conference. See Endorsed Order (Doc. 53).

confidential or trade secret information shared by May with iRocker. Id. at 43. Consistent with that guidance the parties in preparing the Case Management Report agreed to "an expedited phase of discovery focusing on 'whether or not any trade secrets were disclosed and are being used prospectively by' iRocker in anticipation of a potential motion for preliminary injunction[.]" See Uniform Case Management Report at 7 (Doc. 62; CMR), filed May 22, 2025; Motion at 5.

Despite this, instead of narrowing its requests to the suggested subject areas, Bote continues to seek voluminous expedited discovery, including discovery unrelated to the issues identified by the Court and the parties in the CMR. For example, Bote seeks to inspect, access, and image all devices, computers, and electronic storage media used by May while working for iRocker, see Request for Production No. 1, as well as a forensic examination of "all internet, web, or cloud-based accounts used by" May, see Request for Production No. 2.[3] In addition, rather than formulate a request limited to seeking discovery regarding Bote's product roadmap or the plans of Bote's product steering committee, Bote also seeks "all documents and communications sent to or from Aaron May that reference, comment on, or otherwise contain information regarding any Plans." See Request for

---

[3] Bote's suggestion that its inspection of this information "shall be limited to review for evidence of Mr. May's use of Bote's information" is no substitute for the narrowly tailored expedited discovery it argued was needed. See Requests for Production at 9–10 (alteration omitted); Transcript at 37.

Production No. 3 (emphasis added). Notably, the definitions in the Requests for Production define the term "Plans" as including "all aspects of the iRocker Defendants' design, conception, production, marketing, costs, pricing, profitability, market analysis, costs of goods sold, gross profits, marketing and advertising costs, and brand strategies related to its existing or planned iRocker product offerings, including but not limited to plans for new products or product lines[.]" Id. ¶ 12 (emphasis added). The fourth and fifth Requests for Production are similarly broad and directed to all aspects of the iRocker Defendants' operations, strategies, business plans, and future development initiatives. See Request for Production No. 4, No. 5.[4] In making these requests, Bote has failed to seek expedited discovery narrowly tailored to obtain evidence in support of a motion for preliminary injunction enjoining iRocker from using Bote's confidential information or trade secrets obtained from May. The Court provided Bote with an opportunity to seek narrowly tailored expedited discovery and iRocker agreed to a period of expedited discovery on the narrow subject area suggested by the Court. Because the Court finds that the Requests for Production are not narrowly tailored to the discrete issue of whether iRocker

---

[4] The Court also fails to see how the sixth Request for Production is narrowly tailored to seek or obtain discovery of evidence in support of a motion for preliminary injunction directed at Bote's trade secret claims.

has obtained or is using any of Bote's trade secrets or confidential information, Bote's request to compel expedited discovery is denied.[5]

Accordingly, it is

**ORDERED:**

1. Plaintiff Bote, LLC's Time Sensitive Motion and Brief on Discovery Issues (Doc. 78) is **DENIED**.

2. On or before **June 20, 2025**, Bote shall file either a renewed motion for entry of a protective order agreed upon by all parties or a renewed motion with a memorandum of law explaining why the inclusion of its requested prosecution bar is appropriate.

3. On or before **June 20, 2025**, Bote may file a renewed motion for the appointment of a special master with a memorandum of law addressing May's arguments including what costs, if any, are to be apportioned to May.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of June, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[5] The Court notes that its findings are limited only to whether Bote is entitled to expedited discovery, and not whether Bote is entitled to the evidence it seeks in the ordinary course of discovery.

Lc32

Copies to:
Counsel of Record